**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPPI-SOMERSVILLE, INC., *et al.*,<br><br>          Plaintiffs,<br><br>   v.<br><br>TRC COMPANIES, INC., *et al.*,<br><br>          Defendants. | No. C 04-2648 SI<br>(Consolidated with No. C 07-5824 SI)<br>(Related to No. C 04-2225 SI)<br><br>**ORDER DENYING MOTION FOR CONSOLIDATION AND BIFURCATION** |

Plaintiffs in three cases have filed motions to consolidate all three actions and bifurcate issues for trial. The motion is scheduled for a hearing on June 6, 2008. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument and VACATES the hearing. The case management conference scheduled for 2:30 p.m. on June 6 remains on calendar.

**DISCUSSION**

This Court previously consolidated *SPPI-Somersville et al. v. TRC Companies et al.*, C 04-2468 SI and *SPPI-Somersville et al. v. Chevron USA*, C 07-5824 SI. Now, plaintiffs in these two cases, and plaintiffs in *West Coast Home Builders Inc. v. Aventis Cropscience USA, Inc.*, C 04-2225 SI, move to consolidate all three actions, and to bifurcate for trial claims based on subsurface groundwater contamination from claims for contamination of shallow-soil and a creek by municipal and industrial waste. Defendants in all three actions oppose the motion.

Under Federal Rule of Civil Procedure 42, the Court has discretion to consolidate actions if they involve common questions of law or fact, and if consolidation is in the interest of judicial economy and convenience. *See* Fed. R. Civ. P. 42; *Single Chip Systems Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d

1052, 1057 (S.D. Cal. 2007). Courts must also consider whether consolidation would prejudice any parties. *See Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993).

The Court finds that consolidation of the *West Coast Home Builders* case with the two *SPPI-Somersville* cases is not appropriate. Although the cases involve some common legal and factual issues, the differences are more numerous. The *West Coast* case involves a different plaintiff and a different parcel of land than are involved in the consolidated *SPPI-Somersville* cases, and plaintiffs seek different remedies. The *West Coast* action only involves alleged groundwater contamination, while the *SPPI-Somersville* cases involve alleged solid waste contamination and groundwater contamination (No. C 04-2648) or just solid waste contamination (No. C 07-5824). The *West Coast Home Builders* case also involves some different defendants: neither the City of Antioch, the City of Pittsburg, Chevron, nor the Garaventas are parties in the *West Coast* action. Indeed, the Garaventas were originally named in the *West Coast* action and reached a settlement in 2004.

The Court further finds that consolidation poses the risk of prejudicing defendants because the trier of fact would have to compartmentalize the damage caused by different sources to different parcels owned by different plaintiffs. This is of particular concern to the Garaventas, who are no longer defendants in the *West Coast* case but who are defendants in the *SPPI-Somersville* action.

Accordingly, for the foregoing reasons the Court DENIES plaintiffs' motion for consolidation and bifurcation. (Docket No. 171 in 04-2648 SI; Docket No. 117 in 04-2225 SI).

**IT IS SO ORDERED.**

Dated: June 4, 2008

SUSAN ILLSTON
United States District Judge