**United States District Court**
For the Northern District of California

1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    SPPI-SOMERSVILLE, INC., *et al.*,              No. C 04-2648 SI
                                                     Consolidated with 07-5824 SI
9                    Plaintiffs,
                                                     **ORDER RE: SEPTEMBER 10, 2009 CASE**
10     v.                                            **MANAGEMENT CONFERENCE**

11   TRC COMPANIES, INC., *et al.*,

12                   Defendants.
                                          /
13
     AND RELATED CROSS- AND COUNTER-
14   CLAIMS
                                          /
15

16        This order memorializes the rulings made at the September 10, 2009 case management

17   conference regarding the disputes over what claims remain in this case.  The Court references the

18   footnotes contained in the parties' case management conference statement.

19

20        1.    **Footnote 2**: The Court agrees with the Garaventa defendants and the City of Pittsburg

21              that their liability regarding plaintiffs' RCRA claim is restricted to the "wedge" of waste

22              located in the southern bank of Markley Creek.

23

24        2.    **Footnote 3**: To the extent plaintiffs can maintain a RCRA claim against TRC/GBF, the

25              claim is limited to the "wedge" of waste.  However, it is unclear whether TRC/GBF can

26              be held liable under RCRA for the "wedge" since there is no allegation or evidence that

27              TRC/GBF contributed in any way to the existence of the wedge, and TRC/GBF's only

28              apparent connection to the wedge is in connection with the Markley Creek "blow out";

**United States District Court**
For the Northern District of California

1    that issue can be resolved by separate briefing at the time of trial of the non-jury issues.

2    The Court rejects plaintiffs' assertion made during the case management conference that

3    it can maintain a RCRA claim against TRC/GBF on the ground that waste that was

4    remediated in 2008 poses an imminent and substantial endangerment.  Plaintiffs did not

5    argue such a theory in opposition to CCWS's motion for summary judgment on the

6    RCRA claim, to which TRC/GBF joined, and cannot belatedly do so now.  *See* Docket

7    No. 352 (TRC/GBF's joinder); Docket No. 425 at 12-15 (arguing RCRA claim is not

8    moot, and imminent and substantial endangerment remains, because of "wedge" of

9    waste).  To the extent plaintiffs wish to seek attorneys' fees and costs under RCRA

10   against TRC/GBF under a "catalyst theory," that question is not before the Court.

11

12   3.   **Footnotes 4, 7, 10 & 11**: The Court agrees with plaintiffs that plaintiffs still have

13        CERCLA claims against TRC/GBF and the Prewetts for surface waste contamination

14        in addition to groundwater contamination; defendants' oppositions to plaintiffs' motion

15        for summary judgment on the CERCLA claims only focused on whether plaintiffs had

16        incurred "response costs" under CERCLA.  Relatedly, plaintiffs still have viable federal

17        declaratory relief claims.

18

19   4.   **Footnote 9**: Plaintiffs are correct that their claims for negligence and negligence per se

20        concerning surface contamination north of Markley Creek are still pending.

21

22   In addition, the parties and the Court discussed which of the cases should be tried first and/or

23   whether both the *SPPI-Somersville* and *West Coast Home Builders* cases should be tried at the same

24   time.  The Court previously denied a motion to consolidate the cases (Docket No. 178), noting

25   "numerous" differences between them.  Since that time, the narrowing of issues through discovery and

26

27

28

2

1  the motion process has reduced the significance of the differences between the cases,[1] but barring

2  consensus among the parties the Court will not order a joint trial at this time.  The more comprehensive

3  case, *SPPI-Somersville*, will be tried first, with *West Coast Home Builders* to trail.

4

5      **IT IS SO ORDERED.**

6

7  Dated: September 11, 2009

8                                              SUSAN ILLSTON
                                               United States District Judge

**United States District Court**
For the Northern District of California

---

[1]The attorneys involved are the same, there is substantial overlap in the issues presented and the parties involved in both cases, and the same experts will be called to testify on the same or similar issues in both cases.  Thus, substantial efficiencies would be created by trying both cases together; *see* F.R.Civ.P. 42(a).   Any prejudice to the Garaventa defendants, who have settled the claims against them in *West Coast Home Builders* but remain defendants in *SPPI-Somersville*, could be avoided by appropriate jury instructions