DOWNEY BRAND LLP
CLIFTON J. MCFARLAND (Bar No. 136940)
JANLYNN R. FLEENER (Bar No. 169385)
ANDREW L. COLLIER (Bar No. 191137)
621 Capitol Mall, 18th Floor
Sacramento, CA  95814-4686
Telephone: (916) 444-1000
Facsimile: (916) 444-2100
cmcfarland@downeybrand.com

Attorneys for Defendants
GBF HOLDINGS LLC,
TRC COMPANIES, INC., THE PREWETTS, and
THE GENERATOR DEFENDANTS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPPI-SOMERSVILLE, INC., AND SOMERSVILLE-GENTRY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> TRC COMPANIES, INC., *et al.*, <br><br> Defendants. | Case No.   C 04-2468 SI <br> (consolidated with C 07-5824) <br><br> Case No.   C 04-2225 SI <br><br> **STIPULATION FOR ORDER DETERMINING GOOD FAITH OF SETTLEMENT BETWEEN PLAINTIFFS SPPI-SOMERSVILLE, INC., SOMERSVILLE-GENTRY, INC., WEST COAST HOMEBUILDERS, INC. AND DEFENDANTS TRC COMPANIES, INC., GBF HOLDINGS, LLC, THE "GENERATOR DEFENDANTS," THE PREWETTS, THE "CCWS DEFENDANTS," THE CITY OF PITTSBURG, THE "FEDERAL DEFENDANTS," AND [PROPOSED] ORDER THEREON** |
| WEST COAST HOME BUILDERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> AVENTIS CROPSCIENCE USA INC., *et al.*, <br><br> Defendants. | |

1

1064098.3

1                                      **INTRODUCTION**

2         This Stipulation for Order Determining Good Faith of Settlement (the "Stipulation") is

3 entered into by the following parties (collectively, the "Parties"):

4            (i)       Plaintiffs SPPI-Somersville, Inc. ("SPPI"), Somersville-Gentry, Inc. ("SGI"), and

5 West Coast Home Builders, Inc. ("WCHB") (collectively, the "Plaintiffs" and/or

6 "WCHB/Somersville"), by and through their counsel of record Farella, Braun + Martel;

7            (ii)      Defendants TRC Companies, Inc. ("TRC"), GBF Holdings, LLC ("GBF" and

8 together with TRC, the "TRC Parties"), the "Generator Defendants" which are comprised of

9 Aventis Cropscience USA Inc., Ashland, Inc., Beazer East, Inc., Boeing Satellite Systems, Inc.,

10 Caterpillar, Inc., Chemical & Pigment Co., Colgate-Palmolive Company, Cooper Industries, Inc.,

11 Crown Beverage Packaging, Inc., The Dow Chemical Company, E.I. DuPont de Nemours and

12 Company, Exxon Mobil Corporation, Fairchild Semiconductor Corporation, Fairchild

13 Semiconductor Corporation of California, Gaylord Container Corporation, Hewlett Packard

14 Company, Lockheed Martin Corporation, Nestle USA, inc., Occidental Chemical Corporation,

15 Ocean View Capital, Inc., Paccar Inc., Inc., Quebecor Printing San Jose, Inc., Shell Oil Company,

16 Shuller International, Inc., Union Oil Company of California, Union Pacific Railroad Company,

17 and USX Corporation (collectively, the "Generator Defendants"), and Harold William Prewett

18 and Mary Grace (Prewett) Bertsch (collectively, the "Prewitts"), by and through their counsel of

19 record Downey Brand LLP;

20            (iii)     Defendants City of Pittsburg ("Pittsburg"), Contra Costa Waste Services, Inc.,

21 Estate of Silvio Garaventa, Sr., Mary Garaventa, as Administratrix of the Estate of Silvio

22 Garaventa, Sr., Mary C. Garaventa, Silvio Garaventa, Jr., Mary C. Garaventa, as Trustee of the

23 Garaventa Family Trust, and Pittsburg Disposal & Debris Box Service, Inc. (collectively, the

24 "CCWS Defendants"), by and through their counsel of record Bassi, Edlin, Huie & Blum LLP;

25 and

26            (iv)     Defendants the United Stated Department of the Army, United States Department

27 of Defense, Defense Logistics Agency and United States Department of the Navy (collectively,

28 the "Federal Defendants" and together with the Defendants identified above, the "Defendants")

1  by and through their counsel of record the United States Department of Justice.

2  **RECITALS**

3  **The Actions**

4      A.    On June 7, 2004, WCHB filed a complaint against TRC, GBF, the Generator

5  Defendants, the Prewetts and the Federal Defendants, alleging damages due to contamination

6  emanating from the former Contra Costa Sanitary Landfill (the "CCSL") which caused

7  groundwater/soil gas contamination to certain property it owns, thus initiating the above entitled

8  matter (the "WCHB Action").

9      B.    On June 30, 2004, SPPI and SGI filed a complaint against the Defendants alleging

10  damages due to contamination emanating from the CCSL which caused groundwater/soil gas and

11  solid waste contamination to certain properties they own thus initiating the above entitled matter

12  (the "SPPI Action" and together with the WCHB Action, the "Actions").

13      C.    On or about November 15, 2007, SPPI and SGI filed a separate action against

14  Chevron USA, Inc. ("Chevron"), Case No. C 07-5824.  That case was later consolidated with the

15  C 04-2648.  Various third party claims and cross-claims were filed in the consolidated case

16  among Chevron, SPPI, SGI, Defendant City of Antioch ("Antioch") the TRC Parties, the

17  Prewetts, Pittsburg, and the CCWS Defendants.

18      D.    On or about September 22, 2009, the Court approved the settlement by and

19  between the Plaintiffs and Antioch in connection with the SPPI Action (Dkt. No. 701).  There is

20  no settlement by and between the Defendants and Antioch, but all claims by Antioch against all

21  other parties were dismissed as part of the Court's order approving the settlement.

22      E.    On or about September 22, 2009, the Court approved the settlement by and

23  between the Plaintiffs and Defendant Chevron in connection with the SPPI Action (Dkt. No. 702).

24  There is no settlement between the Defendants and Chevron.  Chevron's claims remain pending

25  against Antioch, the TRC Parties, the Prewetts, Pittsburg, and the CCWS Defendants only.

26      F.    The only defendants remaining in the SPPI Action are the Defendants, as defined

27  above in the Introduction at paragraphs (ii), (iii), and (iv).

28      G.    The only defendants remaining in the WCHB Action are the TRC Parties, the

1  Generator Defendants, the Federal Defendants and the Prewetts, as defined above in the

2  Introduction at paragraphs (ii) and (iv).

3  ### **The Mediation and Agreement**

4  H.      On or about September 25, 2009, and thereafter, the Parties participated in a

5  mediation before Hon. Judge James Warren, Ret. of JAMS Endispute (the "Mediation").

6  I.      In connection with the Mediation, the Parties agreed to resolve all disputes

7  between them relative to the SPPI Action and the WCHB Action pursuant to that certain

8  Settlement Agreement (the "Agreement"), a true and correct copy of which is attached hereto as

9  **Exhibit 1**.  The Agreement provides, in part, as follows:

10           i.      At section IV.A., the Agreement provides for a monetary payment by the

11  TRC Parties to the Plaintiffs in the sum of $610,000 (the "Settlement Payment") within forty five

12  days of the last signature to the Agreement;

13           ii.      At section IV.B.1, the Agreement provides that the TRC Parties shall have

14  certain testing and study obligations relative to the Plaintiffs' properties;

15           iii.      At section IV.C, the Agreement provides that the TRC Parties shall have

16  certain mitigation obligations, dependent upon the results of the testing and study obligations;

17           iv.      At section IV.D., the Agreement provides that the TRC Parties shall have

18  certain reimbursement obligations, dependent upon the manner (if any) of mitigation;

19           v.      At section IV.E., the Agreement provides that the TRC Parties shall

20  continue to take full responsibility for conducting investigation, remediation and/or monitoring of

21  the groundwater/soil gas plume;

22           vi.      At section IV.I., the Agreement provides that the Parties consent and

23  stipulate to the entry of an Order from the Court in the Actions which (1) shall bar any claims for

24  contribution or indemnity incurred or to be incurred with respect to the allegations in the Actions,

25  and (2) shall adjudicate the settlement embodied in the Agreement as good faith under California

26  Code of Civil Procedure section 877.6, and bar any and all state law equitable indemnity or

27  contribution claims or common law claims of any type concerning, relating to, or arising out of

28  the allegations in the Actions (the "Good Faith Order").

1           vii.     At section IV.J., the Agreement provides that all Parties will dismiss the

2   Actions, including all counterclaims and cross-claims, within ten calendar days from the date that

3   both the initial settlement payment is made and the Court enters the Good Faith Order.

4           viii.    At section VI, subject to various performances, the Plaintiffs and the

5   Defendants agree to mutually release each other from any and all claims arising out of the CCSL

6   and the Actions.

7       J.     This Stipulation is a stipulation for the Good Faith Order.

8                                   **AGREEMENT**

9       1.     The foregoing Recitals are true and correct and incorporated herein by this

10  reference.

11      2.     All remaining Defendants, except the Federal Defendants, believe that the

12  following legal authority determines the effect of the Agreement relative to the cross claims of

13  Chevron.  As Chevron has no claim against the Federal Defendants, the Federal Defendants take

14  no position on the following points of law.

15          i.      Federal law determines the effect of partial settlements in CERCLA cases,

16  such as (in part) the Actions. *Allied Corp. v. Acme Solvent Reclaiming Inc.*, 771 F. Supp. 219,

17  223 (N.D. Ill 1990).

18          ii.     Issues regarding settlement and contribution actions are governed by the

19  principles of federal common law. *Mardan Corp. v. C.G.C. Music Ltd.*, 804 F.2d 1454, 1547-60

20  (9th Cir. 1986).

21          iii.    The proportionate credit rule and Uniform Comparative Fault Act

22  ("UCFA") determine the effect of settlement in cases such as the Actions involving multiple

23  tortfeasors (and CERCLA claims). *McDermott, Inc. v. AmCLYDE and River Don Castings, Ltd.*,

24  511 U.S. 202, 114 S. Ct. 1461, 1470-71 (1994); Uniform Comparative Fault Act § 2, 12 U.L.A.

25  57 (1993 Supp.).

26          iv.    All state law claims for contribution and indemnity by any non-settling

27  defendant must be dismissed and are barred under the UCFA. *Hillsborough County v. A & E*

28  *Road Oiling Service, Inc.*, 853 F.Supp.1402, 1408 (M.D. Fla. 1994).

1        v.      No prior hearing on the Agreement's fairness or good faith is necessary.

2    *Edward Hines Lumber Co. v. Vulcan Materials Co.*, 1987 WL 27368 (N.D. Ill. Dec. 4, 1987).

3        vi.     Since federal law controls in determining the effect of partial settlements in

4    CERCLA cases, the provisions of California Code of Civil Procedure section 877 regarding

5    determination of good faith settlement are applicable to any potential state law claims and are

6    only illustrative of the good faith nature of the settlement of CERCLA claims.

7        vii.    Notwithstanding the foregoing, the Agreement satisfies the requirements

8    for a good faith determination under California Code of Civil Procedure section 877.6 and *Tech*

9    *Bilt Inc. v. Woodward Clyde & Associates*, 38 Cal.3d 488 for the following reasons:

10           a.      the Settlement Payment and non-monetary performances due under

11   the Agreement (when monetized) are reasonably  proportionate to the Defendants' share of

12   liability for the alleged surface and groundwater contamination;

13           b.      the amount of the Settlement Payment and the non-monetary

14   performances due under the Agreement (when monetized) are substantial;

15           c.      the Settlement Payment and the non-monetary performances due

16   under the Agreement (when monetized) are likely less than the amounts Defendants would be

17   found liable for after trial; and

18           d.      the Agreement was entered into without collusion, fraud, or

19   tortuous conduct intended to impair non-settling defendants' interests.

20   3.      There is no prejudice to Antioch since it reached a settlement with Plaintiffs and as

21   a result dismissed its cross claims in the SPPI Action.

22   4.      There is no prejudice to Chevron since it reached a separate settlement with

23   Plaintiffs and has demonstrated that it does not intend to pursue its cross claims in the SPPI

24   Action.

25   5.      A good faith settlement operates to discharge the settling parties from liability to

26   any other alleged tortfeasor for partial or comparative indemnity or contribution in the Actions,

27   regardless of whether the other alleged tortfeasors are presently parties to the action or have ever

28   been parties to the action.  Code of Civil Procedure §877.6, *Mill Valley Refuge Co. v. Superior*

1  *Court*, 108 Cal.App.3d 707 (1981).

2

3    Dated:  March 24, 2010                 FARELLA, BRAUN + MARTEL LLP

4
                                           By:    */s/ Paul P. "Skip" Spaulding, III*
5                                                 Paul P. "Skip" Spaulding, III
                                                  Attorneys for Plaintiffs
6

7    Dated: March 24, 2010                  DOWNEY BRAND LLP

8
                                           By:    */s/ Clifton J. McFarland*
9                                                 Clifton J. McFarland
                                                  Attorneys for the TRC Parties, the
10                                                Generator Defendants, and the
                                                  Prewetts
11

12

13   Dated: March 24, 2010                  BASSI, EDLIN, HUIE & BLUM

14
                                           By:    */s/ Fred Blum*
15                                                Fred Blum
                                                  Attorneys for Pittsburg and the
16                                                CCWS Defendants

17

18   Dated: March 24, 2010                  U.S. DEPARTMENT OF JUSTICE

19
                                           By:    */s/ Leslie Hill*
20                                                Leslie Hill
                                                  Attorneys for the Federal Defendants
21

22

23

24

25

26

27

28

## ORDER

UPON CONSIDERATION OF THE FOREGOING, the Court hereby finds that this Agreement is fair and reasonable, both procedurally and substantively, consistent with applicable law, in good faith, and in the public interest. THE FOREGOING Agreement is hereby APPROVED.

IT IS HEREBY ORDERED that:

Defendants are entitled to, as of the effective date of the Agreement, contribution protection pursuant to section 113(f) of CERCLA, 42 U.S.C. § 9613(f), the Uniform Comparative Fault Act, and any other applicable provision of federal or state law, including but not limited to the provisions and protections afforded by the California Code of Civil Procedure sections 877 and 877.6, whether by statute or common law for claims of any type concerning, relating to or arising out of the allegations in the Actions, and not for any excluded matters as described in Paragraph VII.O of the Agreement.

Dated: _____3/25_____, 2010          By: _____

HON. SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE